COURT OF APPEALS



SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-02-161-CV
 
JOHN CHARLES ULRICKSON                                                  APPELLANT 
 
V.
 
KELCIE A. HIBBS, INDIVIDUALLY,                                            APPELLEES 
AND LOE, WARREN, ROSENFIELD, 
KAITCER & HIBBS, P.C.                                                                            
 
------------
 
FROM THE 
141ST DISTRICT COURT OF TARRANT COUNTY 
 
------------
 
MEMORANDUM OPINION



 
------------
        This case involves allegations of legal malpractice, breach of fiduciary 
duty, and violations of the DTPA. Appellant John Charles Ulrickson sued 
attorney Kelcie A. Hibbs (“Hibbs”) individually and the law firm for which she 
works, Loe, Warren, Rosenfield, Kaitcer & Hibbs, P.C. (collectively “Appellees”) 
over their representation of him in guardianship and probate proceedings. We 
affirm the trial court’s judgment in part and reverse and remand it in part. 
I. Background Facts
        Appellant’s mother, Varina Ulrickson, owned the title to property known 
as 1800 Forest Park Boulevard, Fort Worth, Texas (“the Forest Park Property”), 
and allegedly owned the title to property known as 1215 E. Peach Street, Fort 
Worth, Texas (“the Peach Street Property”). According to Appellant, on or 
about February 23, 1992, Varina executed a warranty deed on the Forest Park 
Property in favor of Appellant, reserving a life estate for herself. Appellant 
contends that Varina delivered the deed to him sometime between late August 
1993 and early 1994. In late 1994, Varina suffered a series of debilitating 
strokes, and Appellant, via attorney Randall Lyle, filed an application for 
guardianship of Varina’s person and estate. The inventory listing filed with the 
application included the Forest Park Property but omitted the Peach Street 
Property. Temporary letters of guardianship were issued to Appellant on 
November 8, 1994. Permanent letters of guardianship were issued on February 
15, 1995. 
        On March 29, 1995, Appellees assumed representation of Appellant in 
the guardianship proceeding. They prepared a document entitled “INVENTORY, 
APPRAISEMENT AND LIST OF CLAIMS AS OF DATE OF TEMPORARY 
GUARDIAN’S QUALIFICATION - NOVEMBER 8, 1994” in accordance with the 
controlling section of the Texas Probate Code in effect at the time. 
 

 This 
document included the Forest Park Property in Varina’s estate but not the Peach
Street Property.
        On April 11, 1995, Appellees filed an inventory and accounting for the 
guardianship estate that was effective as of February 15, 1995, 
 

 the day the 
permanent letters of guardianship were issued. Varina died November 24,
1995. Appellees filed the final inventory and accounting for the guardianship
estate on February 12, 1996. Each document filed by Appellees included the
Forest Park Property in Varina’s estate but omitted the Peach Street Property.
        Appellees also represented Appellant in his capacity as the executor of 
Varina’s estate. Appellees filed an inventory of the estate, including a list of 
claims, which was effective as of November 24, 1995, the date of Varina’s 
death.
        Joe Ulrickson, Appellant’s brother and a beneficiary under Varina’s will, 
filed a petition for an accounting and distribution of the assets in Varina’s 
estate. On March 10, 1998, he served Appellant with the petition and a 
request for production of documents. Appellees made the requested 
documents available for inspection, filed an answer on Appellant’s behalf on 
March 24, 1998, and filed a motion to withdraw as counsel for Appellant on 
April 29, 1998. Ross Griffith took over as Appellant’s counsel and filed an 
accounting on Appellant’s behalf. Appellant ultimately settled the dispute with 
his brother on March 13, 1999. Appellant brought this suit on February 12, 
2001. The trial court granted summary judgment in favor of Appellees on all 
of Appellant’s causes of action, from which Appellant timely appeals. 
II. Legal Analysis
        In his amended petition, Appellant sued Appellees for negligence, breach 
of fiduciary duty, gross negligence, breach of implied warranty, filing a 
fraudulent lien, and violations of the DTPA. Appellees filed a motion for 
summary judgment, contending that all of the claims were barred by various 
affirmative defenses, or, instead, were not cognizable causes of action. They 
also alleged lack of evidence on some of the specific negligence and gross 
negligence claims. The trial court granted summary judgment on all causes of 
action. Appellant now concedes that summary judgment was correct as to the 
breach of implied warranty claim and the filing of a fraudulent lien, leaving the 
DTPA claims, breach of fiduciary duty claims, and negligence and gross 
negligence claims at issue. 
A. Standard of Review
        In his first issue, Appellant argues that Appellees’ motion is a traditional 
motion for summary judgment. Appellees concede that it is. “The standards 
for reviewing a motion for summary judgment are well established.” 
 

 “The 
movant has the burden of showing that there is no genuine material fact issue
and that it is entitled to judgment as a matter of law.”
 

 A defendant is entitled 
to summary judgment if the summary judgment evidence establishes, as a
matter of law, that at least one element of a plaintiff’s cause of action cannot
be established.
 

 Once the defendant produces sufficient evidence to establish 
the right to summary judgment, the burden shifts to the plaintiff to come
forward with competent controverting evidence raising a genuine issue of
material fact with regard to the element challenged by the defendant.
 


        A defendant is entitled to summary judgment on an affirmative defense 
if the defendant conclusively proves all the elements of the affirmative 
defense.
 

 To accomplish this, the defendant-movant must present summary 
judgment evidence that establishes each element of the affirmative defense as
a matter of law.
 

 When a trial court's order granting summary judgment does 
not specify the ground or grounds relied on for its ruling, summary judgment
will be affirmed on appeal if any of the theories advanced are meritorious.
 

 
        A motion for summary judgment must state the specific grounds upon 
which the motion is to be granted. 
 

 “The motion for summary judgment must 
stand or fall on the grounds it specifically and expressly sets forth.”
 

 “[I]f the 
grounds upon which the motion for summary judgment is based are presented
in a single document that contains both the motion and brief, the requirements
of Rule 166a have been met.”
 


 
B. DTPA Claims 
        In his fourth issue, Appellant contends that Appellees are not entitled to 
summary judgment as a matter of law. We hold that the trial court correctly 
granted summary judgment on Appellant’s DTPA claims. To the extent that 
Appellant’s DTPA claims were not barred by the two-year statute of limitations, 
they are not cognizable causes of action. Appellees stated both of these 
grounds in their motion for summary judgment. 
 


        Section 17.565 of the Texas Business and Commerce Code provides that 
all deceptive trade practice claims must be brought 
within two years after the date on which the false, misleading, or
deceptive act or practice occurred or within two years after the
consumer discovered or in the exercise of reasonable diligence
should have discovered the occurrence of the false, misleading, or
deceptive act or practice.




A DTPA claim for legal malpractice is not tolled by the underlying suit.



        Appellant stated in his affidavit attached to his response to Appellees’ 
motion for summary judgment that Lyle, his lawyer before Appellees, had 
communicated the importance of the deed to Appellant. Appellees’ 
representation of Appellant occurred during the period from March 29, 1995 
until May 7, 1998. Furthermore, Appellant was served with a petition for 
accounting and distribution on March 10, 1998 by his brother. Appellant states 
that he could not have reasonably discovered the deceptive practice committed 
against him earlier than June 16, 1999. Appellant did not file this suit until 
February 12, 2001. Without deciding when each claim accrued, we hold that 
to the extent that Appellant’s DTPA claims accrued before September 1, 1995, 
they are barred by the two-year statute of limitations. 
 

 
        To the extent that Appellant’s DTPA claims accrued on or after 
September 1, 1995, they are not cognizable causes of action. Section 17.49(c) 
of the DTPA provides: 
Nothing in this subchapter shall apply to a claim for damages
based on the rendering of a professional service, the essence of
which is the providing of advice, judgment, opinion, or similar
professional skill. This exemption does not apply to:
 
(1) an express misrepresentation of a material fact that cannot be 
characterized as advice, judgment, or opinion; 
 
(2) a failure to disclose information in violation of Section 
17.46(b)(24);
 
(3) an unconscionable action or course of action that cannot be 
characterized as advice, judgment, or opinion; 
 
(4) breach of an express warranty that cannot be characterized as 
advice, judgment, or opinion; or 
 
(5) a violation of Section 17.46(b)(26). 
 



Section 17.49(c) applies to causes of action accruing on or after September 1,
1995.


 The only DTPA claims alleged by Appellant—violations of 17.46(a),
(b)(2), (3), (5), (6), and (7)—are not excluded from the exemption. 
Consequently, all of Appellant’s DTPA claims accruing on or after September
1, 1995—and he alleges that all of them accrued after that date—are not
cognizable causes of action under the DTPA. The trial court correctly entered
summary judgment as to the DTPA claims because Appellees were entitled to
judgment as a matter of law. We overrule Appellant’s fourth issue as to these
claims and do not reach his remaining issues regarding them.



C. Legal Malpractice and Breach of Fiduciary Duty
1. Nature of Claims
        In his live petition, Appellant grouped some of his claims in “Count One - 
Negligence and Breach of Fiduciary Duty.” The claims presented under Count 
One contend that Appellees: 
•      failed to file required annual accountings for the guardianship and probate 
estates; 
 
•      failed to properly research the legal effect of the warranty deed on the 
Forest Park Property and failed to properly advise him thereon; 
 
•      failed to include property belonging to the estate in documents filed with 
the court; 
 
•      failed to exclude property belonging to Appellant from the documents 
filed with the court; 
 
•      failed to investigate the facts and research the law in the administration 
of the guardianship, the estate, and the underlying litigation, including a 
failure to timely communicate with Appellant; and 
 
•      failed to forward Appellant’s complete file to his new attorney. 

This court has held in a similar case:
We agree with Appellants that an attorney has a fiduciary
duty to his client. We disagree, however, with Appellants'
characterization of their claims as a breach of fiduciary duty. The
focus of breach of fiduciary duty is whether an attorney obtained
an improper benefit from representing a client, while the focus of
a legal malpractice claim is whether an attorney adequately
represented a client. 
 
The essence of a breach of fiduciary duty involves the 
“integrity and fidelity” of an attorney. A breach of fiduciary duty 
occurs when an attorney benefits improperly from the 
attorney-client relationship by, among other things, subordinating 
his client's interests to his own, retaining the client's funds, using 
the client's confidences improperly, taking advantage of the client's 
trust, engaging in self-dealing, or making misrepresentations. 
 
Unlike a claim for breach of fiduciary duty, legal malpractice 
is based on negligence, because such claims arise from an 
attorney's alleged failure to exercise ordinary care. A cause of 
action for legal malpractice arises from an attorney giving a client 
bad legal advice or otherwise improperly representing the client. 
For example, an attorney can commit legal malpractice by giving an 
erroneous legal opinion or erroneous advice, by failing to give any 
advice or opinion when legally obliged to do so, by disobeying a 
client's lawful instruction, by taking an action when not instructed 
by the client to do so, by delaying or failing to handle a matter 
entrusted to the attorney's care by the client, or by not using an 
attorney's ordinary care in preparing, managing, and presenting 
litigation that affects the client's interests. 
 
Generally, courts do not allow a case arising out of an 
attorney's alleged bad legal advice or improper representation to be 
split out into separate claims for negligence, breach of contract, or 
fraud, because the “real issue remains one of whether the 
professional exercised that degree of care, skill, and diligence that 
professionals of ordinary skill and knowledge commonly possess 
and exercise.” Regardless of the theory a plaintiff pleads, as long 
as the crux of the complaint is that the plaintiff's attorney did not 
provide adequate legal representation, the claim is one for legal 
malpractice.
 



        Based on our review of the law and the record, we hold that the claims 
raised in Count I are all legal malpractice claims, not breach of fiduciary duty 
claims. We shall therefore address the claims under Count I along with the 
gross negligence claims presented under Count II as legal malpractice claims. 
2. The Accountings
        In his second issue, Appellant argues that Appellees should not have been 
granted summary judgment based on a failure of proof on the elements of 
breach of duty or causation because Appellees did not allege such failures of 
proof as grounds for summary judgment in their motion. Appellees specifically 
alleged in their motion that Appellant’s claims for negligence and gross 
negligence for failure to file accountings were mischaracterizations of the law 
and that an annual accounting was not required for either the guardianship or 
the probate estate. 
        In his fourth issue, Appellant argues that Appellees are not entitled to 
judgment as a matter of law. In support of their motion for summary judgment, 
Appellees attached an expert’s affidavit from Donald J. Pierson, II. An expert’s 
opinion testimony can defeat a claim as a matter of law if the testimony is 
based on reason and if the expert is qualified to offer his opinion based upon his 
“knowledge, skill, experience, training, or education.” 
 


        Pierson described in detail his education, experience, and training, 
including the facts that he is a licensed certified public accountant, he has been 
licensed to practice law in Texas since May 15, 1978, and he has actively 
practiced law in Texas since obtaining his license. Pierson also stated that he 
is board certified in estate planning, probate law, and tax law by the Texas 
Board of Legal Specialization and that for the last twenty-one years he has been 
engaged in handling probate and guardianship issues. 
        Pierson stated that he is familiar with the standards of care that would be 
exercised by a reasonably prudent attorney board certified in estate planning 
and probate law acting under the same or similar circumstances, and that he is 
familiar with the documents required to be filed in guardianship and probate 
estates. Pierson listed all of the documents that he reviewed in connection 
with this case, including but not limited to papers filed with the court, 
correspondence, and bills. 
        Based on his review, Pierson stated that Appellees had no duty to file an 
annual accounting for the guardianship estate because the guardianship was in 
existence for less than one year when the ward died. 
 

 He also stated that 
Appellees had no duty to file an annual accounting for the probate estate
because an independent executor is not required to file an annual accounting
with the court unless so ordered pursuant to section 149B of the Texas Probate
Code.
 

 After reviewing all relevant documents, Pierson opined that Appellees 
committed no negligence or gross negligence in the handling of the guardianship
estate and probate estate and that Appellant suffered no damage during that
representation.
        As a general rule, expert testimony is required to prove the standard of 
care in a legal malpractice case. 
 

 Appellant did not respond to Appellees’ 
motion for summary judgment with an expert’s affidavit refuting Pierson’s
statements. We hold that Appellees’ motion for summary judgment negated at
least one element of Appellant’s claims regarding the failure to file accountings
as a matter of law.
 

 The trial court therefore correctly granted summary 
judgment as to those claims. We overrule Appellant’s second and fourth issues
as to those claims and do not reach his remaining issues on those claims.
 

 
3. Remaining Legal Malpractice Claims
        Appellant’s argument in his second issue that Appellees failed to allege 
no-evidence grounds on the remaining malpractice claims is valid, however. 
Even though the summary judgment evidence may have addressed no-evidence 
issues, Appellees did not allege any failures of Appellant’s proof on the 
remaining legal malpractice claims in their motion. Because such grounds are 
not presented in the motion, the trial court could not have properly granted 
summary judgment on such grounds, and we cannot affirm summary judgment 
on those grounds. 
 

 To the extent that the trial court granted summary 
judgment on the remaining legal malpractice claims on such grounds, we
sustain Appellant’s second issue. For these remaining claims, we address the
affirmative defenses presented in the motion.
a. Claims Concerning the Forest Park Property 
        Based on the affirmative defense of judicial estoppel, the trial court 
correctly granted summary judgment as to the claims regarding the quality of 
Appellees’ advice, their failure to give advice, and the inclusion or exclusion of 
the Forest Park Property in documents filed with the court. “Judicial estoppel 
is a common law principle that applies when a party tries to contradict his or 
her own sworn statement given in prior litigation.” 
 

 It is a legal principle 
intended to protect the integrity of the judicial system by preventing parties
from “playing fast and loose” with the courts to suit their own purposes.
 

 The 
rule is intended to prevent litigants from self-contradiction in order to obtain an
unfair advantage.
 


        Appellant claims in this case that the Forest Park Property is his. He took 
the opposite stand in the underlying guardianship and probate proceedings 
before, during, and after Appellees’ representation. Appellant stated in his 
sworn affidavit attached to his response to Appellees’ motion for summary 
judgment that his mother gave him the deed to the Forest Park Property in “late 
August, 1993 or early 1994.” After Varina suffered her strokes, Appellant filed 
an amended application for temporary and permanent letters of guardianship for 
Varina on November 3, 1994. The application stated that Varina resided at and 
owned the Forest Park Property. Randall Lyle signed the application as the 
attorney for Appellant. Appellant verified the application by swearing under 
oath that he had read the application and that to the best of his information, 
knowledge, and belief, the information was correct. He further swore that no 
material fact had been omitted. On December 30, 1994, Appellant filed an 
application to continue the guardianship of Varina. Once again, the application 
stated that Varina owned the Forest Park Property. Lyle signed the application 
as Appellant’s attorney, and Appellant verified under oath that “every statement 
contained therein is within his personal knowledge and is true and correct.” 
On March 1, 1995, Appellant filed a final inventory, appraisement, and list of 
claims of the temporary guardian. Lyle signed the document as the attorney for 
Appellant, it included the Forest Park Property, and Appellant again swore that 
“every statement contained therein is within his personal knowledge and is true 
and correct.” 
        Each of the above three documents was drafted and signed by 
Appellant’s prior attorney, Randal Lyle. Similarly, in an accounting for the 
period of November 24, 1995 through July 28, 1998, Appellant’s attorney after 
Appellees’ representation ended included the Forest Park Property. Appellant 
swore under oath that “the account contains a true, correct and complete 
statement of the matters to which the account relates.” 
        Appellee admitted in his affidavit attached to his response that he knew 
that the deed had been delivered to him before the above applications were 
made. Despite his possession of the deed, he subsequently swore in several 
verified documents filed with the court that the property belonged to his 
mother. Now, in the case before us, he claims that the property was his. 
Judicial estoppel prevents him from abandoning the position that the Forest 
Park Property belonged to Varina and instead arguing in this subsequent lawsuit 
that it belonged to him. Because Appellees were entitled to summary judgment 
as a matter of law on this ground on the claims involving the Forest Park 
Property, we overrule Appellant’s fourth issue on those claims and do not reach 
his other issues concerning them. 
 


b. Remaining Open Legal Malpractice Claims
        The remaining open claims include: 
(1)    failure to investigate and research the law regarding the administration of 
the guardianship and probate estates and the underlying suit brought by 
Appellant’s brother, including the failure to timely communicate with 
Appellant; 
 
(2)    failure to properly disclose the Peach Tree Property in the Inventory, 
Appraisement, and List of Claims; 
 
(3)    failure to timely forward complete legal files to Appellant’s new counsel; 
(4)    failure to file inventories and make final distributions of the remaining 
estate; and 

(5)    billing Appellant for work that remained uncompleted or unfiled. 
Our review of Appellees’ motion for summary judgment shows that the only
summary judgment grounds raised for these claims are statute of limitations and
release.
        Appellant did not allege any conduct that would constitute a breach of 
fiduciary duty. 
 

 Thus, the two-year statute of limitations for legal malpractice 
applies.
 

 Generally, the statute of limitations begins to run “when facts have 
come into existence that authorize a claimant to seek a judicial remedy.”
 

 The 
discovery rule applies to legal malpractice claims.
 

 That is, the limitations 
clock does not commence until “the client discovers or should have discovered
through the exercise of reasonable care and diligence the facts establishing the
elements of a cause of action.”
 

 Additionally, “[w]hen an attorney commits 
malpractice in the prosecution or defense of a claim that results in litigation, the
statute of limitations on a malpractice claim against that attorney is tolled until
all appeals on the underlying claim are exhausted or the litigation is otherwise
finally concluded.”
 


        The underlying suit in this case was settled on March 13, 1999. 
Appellant filed this suit against Appellees on February 12, 2001. Appellant 
timely filed this suit within the two-year statute of limitations for legal 
malpractice claims. To the extent the trial court granted Appellees summary 
judgment on these claims based on the limitations ground, it did so in error. 
        Appellees also argued in their motion for summary judgment that 
Appellant was barred from pursuing any claim against them because he had 
signed a release of all claims against them. The release states that Appellant 
“hereby release[s] . . . all persons acting for or on behalf of the Guardianship 
Estate from any and all claims, expressed or implied, of whatsoever kind or 
nature, which [he] may have had against them.” 
        The law firm defendant bears the summary judgment burden to establish 
that a release from its client was fair and reasonable. 
 

 “Contracts between 
attorneys and their clients negotiated during the existence of the attorney-client
relationship are closely scrutinized.”
 

 “Because the relationship is fiduciary in 
nature, there is a presumption of unfairness or invalidity attaching to such
contracts.”
 

 As the client’s fiduciaries, Appellees were required to inform 
Appellant “of all material facts relating to the release.”
 


        Appellees offered no summary judgment evidence indicating that they 
informed Appellant as to all the material facts relating to the release, nor did 
they present any summary judgment evidence that the release was fair and 
reasonable. Appellees failed to carry their summary judgment burden. To the 
extent the trial court granted Appellees summary judgment on this theory of 
release, it did so in error. We sustain Appellant’s fourth issue as to these 
remaining legal malpractice claims. 
III. Conclusion
        We affirm the trial court’s judgment that Appellant take nothing on his 
negligence and gross negligence claims that allege Appellees failed to file annual 
accountings, failed to properly advise Appellant about the Forest Park Property,
and failed to exclude the Forest Park Property from the guardianship and
probate estate documents filed with the court. We also affirm the trial court’s
judgment that Appellant take nothing on his claims under the DTPA.
        Because of our holding regarding Appellees' failure to allege Appellant's 
lack of evidence as a summary judgment ground for claims other than the 
accounting claims, as well as our holdings rejecting Appellees' stated summary 
judgment grounds of release and limitations, we reverse the trial court’s 
judgment in part and remand the case for resolution of the following claims: 
(1)    failure to investigate and research the law regarding the administration of 
the guardianship and probate estates and the underlying suit brought by 
Appellant’s brother, including the failure to timely communicate with 
Appellant; 
 
(2)    failure to properly disclose the Peach Tree Property in the Inventory, 
Appraisement, and List of Claims; 
 
(3)    failure to timely forward complete legal files to Appellant’s new counsel; 
(4)    failure to file inventories and make final distributions of the remaining 
estate; and 

(5)    billing Appellant for work that remained uncompleted or unfiled. 
 
 
                                                                  LEE ANN DAUPHINOT 
                                                                  JUSTICE
 
PANEL A:   CAYCE, C.J.; DAY and DAUPHINOT, JJ. 
CAYCE, C.J. filed a concurring opinion.
DELIVERED: November 6, 2003



 
COURT OF APPEALS 
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-161-CV 
JOHN CHARLES ULRICKSON                                                  APPELLANT 
V.
KELCIE A. HIBBS, INDIVIDUALLY,                                            APPELLEES 
AND LOE, WARREN, ROSENFIELD, 
KAITCER & HIBBS, P.C.
------------
FROM THE 
141ST DISTRICT COURT OF TARRANT COUNTY 
------------
CONCURRING OPINION
------------
        The uncontroverted summary judgment proof in this case conclusively 
establishes that appellees’ alleged conduct did not deviate from the applicable 
standard of care. Yet, the only summary judgment grounds raised in answer 
to the five “remaining open legal malpractice claims” identified on pages 18-19 
of the majority opinion are statute of limitations, release and that the claims 
were “not cognizable causes of action.” 
        A summary judgment cannot be affirmed on any ground not specifically 
presented in the motion for summary judgment, even if the summary judgment 
proof conclusively establishes the movant’s right to judgment on a particular 
theory of liability or defense. See Tex. R. Civ. P. 166a; State Farm Fire & Cas. 
Co. v. S.S., 858 S.W.2d 374, 380-81 (Tex. 1993). While justice, fairness, and 
judicial economy might be served in this appeal by an affirmance of the 
summary judgment, we do not have the authority to affirm the summary 
judgment sua sponte on a theory not presented in appellees’ motion for 
summary judgment. 
 
                                                                  JOHN CAYCE 
                                                                  CHIEF JUSTICE 
 
DELIVERED: November 6, 2003